IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN WINNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1752-S (BH) |
| ) | |
| CORY BLOUNT, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on October 14, 2022 (doc. 36), should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

**I.  BACKGROUND**

On August 8, 2022, the *pro se* plaintiff filed what appeared to be a new complaint with numerous supporting documents against numerous defendants (many of whom appear to reside outside of this district) in a long-closed civil action, *Winningham v. Blount*, No. 3:19-CV-1986-S-BH (N.D. Tex. Nov. 22, 2019). (*See* docs. 4, 6-16.) By order dated August 10, 2022, the complaint was unfiled in the closed action and filed in a newly opened civil action. (*See* doc. 3.) He was notified by *Notice of Deficiency and Order* dated August 12, 2022, that his complaint did not comply with the requirement in Fed. R. Civ. 8(a) of a short and plain statement of his claims, and that he had not paid the filing fee or filed an application for leave to proceed *in forma pauperis* (IFP). (*See* doc. 5.) He was ordered to file an amended complaint that complied with

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

Rule 8(a) and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen days, and he was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)

On August 26, 2022, the plaintiff filed a number of documents alleging wrongdoing by various public officials and judges, many of whom were not named as defendants, that did not comply with the directive to in August 12 order for a short and plain statement of his claims against the defendants.  (*See* docs. 17, 19-24.)  Although he filed an IFP application, he wrote "N/A" in response to each question, and attached a lengthy declaration explaining why he did not have to answer the questions.  (*See* doc. 13.)  Because the application did not provide sufficient information for determination of whether he qualified for IFP status, it was ordered unfiled by *Second Notice of Deficiency and Order* dated August 31, 2022, which again ordered him to submit a fully completed and signed IFP application and to file an amended complaint that complied with Rule 8(a) within fourteen days.  (*See* doc. 25.)  The order specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)

On September 16, 2022, the plaintiff filed a second IFP application that again failed to answer the questions and again included a declaration explaining why he did not have to answer the questions.  (*See* doc. 27.)  He also filed a document consisting of more than 1500 pages, which did not set out his claims against the defendants he had named in his initial filing, and again complained .  (*See* doc. 28.)  The non-compliant application was ordered unfiled by a third *Final Notice of Deficiency and Order* dated September 26, 2022, and he was given a final opportunity to submit a fully completed and signed IFP application and to file an amended

complaint that complied with Rule 8(a) within fourteen days. (*See* doc. 28.) The order specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

On September 28, 2022, and October 14, 2022, the plaintiff filed numerous documents again complaining of wrongdoing by various public officials and judges who were not named as defendants, as well as another IFP application that included a declaration in lieu of actual answers to the questions in the application. (*See* docs. 29-39.)

More than fourteen days from the date of the final notice of deficiency and order have passed, but the plaintiff has not filed a fully completed IFP application or an amended complaint that complies with Rule 8(a). Since October 14, 2022, he nas not filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, despite several opportunities, the plaintiff has not submitted a fully completed IFP application as ordered. He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his application to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with orders to submit a fully completed IFP application and an amended complaint that complies with Rule 8(a) despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case since October 14, 2022.  Because the plaintiff failed to follow several court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's IFP application should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files a fully completed IFP application and an amended complaint that complies with Rule 8(a) within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 18th day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                  _____
                                                                  IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE