IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN WINNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-1752-S (BH) |
| | ) | |
| CORY BLOUNT, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Demand to Re-Open Case*, received on September 6, 2023 (doc. 65), should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

### I.   BACKGROUND

Glenn Winningham (Plaintiff) filed a complaint with numerous supporting documents against numerous defendants in a long-closed civil action. (*See* docs. 4, 6-16.) By order dated August 10, 2022, the complaint was unfiled in the closed civil action and filed in this newly opened civil action. (*See* doc. 3.) He was ordered several times by orders dated August 12, 2022, August 31, 2022, and September 26, 2022, to pay the filing fee or submit a fully completed and signed application for leave to proceed *in forma pauperis* (IFP), and to file an amended complaint that complied with Fed. R. Civ. 8(a). (*See* docs. 5, 25, 28.) Each order specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) After Plaintiff failed to comply with the orders, it was recommended on November 18, 2022, that his incomplete IFP application be denied and the case be dismissed under

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he filed a fully completed IFP application and an amended complaint that complied with Rule 8(a) within the time for objecting to the recommendation. (*See* doc. 40.) Plaintiff did not file either within the objection period, and on December 13, 2022, the recommendation was accepted, his IFP application was denied, and judgment was entered dismissing the case under Rule 41(b) for failure to prosecute or comply with court orders. (*See* docs. 41-42.)

Since the dismissal of this action, Plaintiff has filed forms and many lengthy documents, none of which comply with Rule 8(a) pleading requirements or are a completed and signed IFP application, and he has not paid the filing fee. (*See* 43-63.) He now seeks to reopen this case because he "has filed a Fourth Amended Complaint and the 'payment' issue is resolved by the failure of the Court's BAR members to provide the Demandant with a specie of payment a found in the unsigned Clerk's letter, and its attached Form 1020 Final Notice of Default[.]" (doc. 65.)

## II.     RULE 60(b)

Plaintiff's filing may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.*, 79 F. App'x 61, 62 (5th Cir. 2003).

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440

(5th Cir. 2021). Because Plaintiff's motion was filed nearly nine months after entry of judgment, it is properly construed as arising under Rule 60(b). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Plaintiff does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally

construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

      Plaintiff fails to show a basis for relief under Rule 60(b)(6). The document that appears to be his alleged "Fourth Amendment Complaint" is over 150 pages long, excluding attachments, and still does not comply with Rule 8(a). (*See* doc. 44.) He also has not paid the filing fee or submitted a completed and signed IFP application as previously ordered. A court may dismiss a complaint for failure to pay the filing fee as ordered. *See Wilson v. Moreno*, 95 F.3d 46 (5th Cir. 1996) (finding that the district court did not err in dismissing case where plaintiff did not comply with the court order to file application to proceed IFP or pay the filing fee). It may also dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988) (involving § 1983 prisoner action). Plaintiff also has not alleged extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*. He still has not paid the filing fee or submitted a fully completed and signed IFP application, nor has he filed an amended complaint compliant with Rule 8(a).

### III. RECOMMENDATION

The *Demand to Re-Open Case*, received on September 6, 2023 (doc. 65), should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**. Further, because of Plaintiff's continued frivolous, repetitive, or otherwise abusive post-judgment filings, the Court should order that any future pleadings in this case be docketed for administrative purposes only and terminated, and that no action will be taken on those filings. He should also be warned that continued frivolous post-judgment motions in this case could subject him to sanctions, including monetary sanctions and a bar on additional filings in this district, unless he first obtains leave of court and pays the applicable filing fee.

**SIGNED this 8th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE